IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CASE NO. 12-CV-469 RAW |
| (1) BEAR PRODUCTIONS, INC., | § § § | |
| Defendant. | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY RELIEF

St. Paul Fire and Marine Insurance Company ("Plaintiff" or "St. Paul") files its Original Complaint for Declaratory Relief pursuant to 28 U.S.C. § 2201, *et seq.* and Federal Rule of Civil Procedure 57 against Defendant Bear Productions, Inc. ("Defendant" or "Bear") and respectfully shows the Court as follows:

### I.
### PARTIES

1.  Plaintiff is a corporation organized and existing under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.

2.  On information and belief, Defendant is a corporation incorporated under the laws of Oklahoma with its principal place of business in Kinta, Oklahoma, and may be served with process by serving its registered agent for service of process, Roy L. King, Rt. 1, Kinta, Oklahoma 74552.

### II.
### JURISDICTION AND VENUE

3.  This action is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and Federal Rule of Civil Procedure 57. St. Paul seeks a declaration that it

does not owe defense or indemnity coverage to Bear under an insurance policy in connection with an underlying pollution lawsuit.

4.  An actual case or controversy exists between the parties, as this matter presents a real and substantial dispute over tangible interests under the insurance policy.

5.  This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.  This Court has personal jurisdiction over Bear because it resides in the State of Oklahoma.

7.  Venue exists under 28 U.S.C. § 139l(a)(l) because Bear resides in this District, and under Section 1391(a)(2) because a substantial part of the events or omissions giving rise to the requested declaratory relief occurred in this District.

### III.
#### FACTUAL BACKGROUND

8.  In October 2011, William Reese and several other plaintiffs (the "Underlying Plaintiffs") instituted a putative class action lawsuit styled *William Reese, et al. v. AES Corp., et al.*, and numbered CJ-11-256 in the District Court of Le Flore County, since removed to the Eastern District of Oklahoma and assigned cause number 6:12-cv-00457-KEW, against many defendants, including Bear (the "Underlying Lawsuit"). A true and correct copy of the First Amended Petition in the Underlying Lawsuit is appended hereto as Exhibit 1 (the "Underlying Petition"). The Underlying Lawsuit seeks to recover from Bear and the other defendants "for injuries and the real and immediate threat of injuries to their person, real property, and personal property, which have been, or are being, caused by the presence of, or the exposure to, Coal Waste … and/Produced [*sic*] Fluids …, which any or all of the Defendants have generated,

transported, disposed, released, or permitted to escape" within LeFlore County, Oklahoma. *See* Underlying Petition at ¶ 1.

9. Bear, along with other defendants, is alleged to have disposed of the Produced Fluid, defined as a deleterious substance including total dissolved solids, hydrocarbons, drilling additives, drilling mud and naturally occurring radioactive material, from approximately 2003 until 2009 at a storage and disposal facility located in Le Flore County. *Id*. at ¶¶ 106-07, 110. The Produced Fluid is alleged to result from oil and gas operations and to contain "multiple contaminants harmful to humans, their property and protected natural resources" *Id*. at ¶¶ 14, 106. In addition, the Produced Fluid is alleged to have mixed with Fly Ash and other Coal Wastes resulting in a "toxic cocktail." *Id*. at ¶ 110. Bear and other defendants are alleged to have intentionally released and permitted the escape of this toxic and harmful pollutant into the water resulting "in the contamination of soil, groundwater, and surface water of the Plaintiffs…." *Id.* at ¶ 111.

10. Several claims were asserted against Bear and the other defendants for which the Underlying Plaintiffs seek compensatory damages, punitive damages, injunctive relief, and the establishment of monitoring funds related to both the condition of real property near the Facility and the health of the allegedly affected individuals.

11. St. Paul issued a single policy to Bear, Policy Number VK04204499, for the policy period from March 16, 2008 to March 16, 2009 (the "Policy"). A true and correct copy of the Policy is appended hereto as Exhibit 2, and is incorporated herein as if set forth in full. Coverage for the Underlying Lawsuit is plainly and unambiguously excluded under the Policy. Nevertheless, Bear wrongly asserts that St. Paul has a duty to defend and indemnify Bear in connection with the Underlying Lawsuit.

12. St. Paul notified Bear by letter that it denied coverage of the Underlying Lawsuit under the Policy. Even so, Bear continues to maintain that it was owed a complete defense and indemnity for the Underlying Lawsuit. Efforts to resolve this coverage dispute without resort to litigation have been unsuccessful. St. Paul now seeks a declaration from this Court that it does not owe a duty to defend or indemnify Bear in connection with the Underlying Lawsuit.

## IV.
### DECLARATORY JUDGMENT

13. St. Paul incorporates by reference the allegations set forth in paragraphs 1 through 12 as if fully set forth herein.

14. Bear's request for insurance coverage as to the Underlying Lawsuit is precluded or limited by certain provisions contained in the Policy, as well as under relevant state and federal law, including but not limited to the following:

    i. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims do not arise out of an "event," as that term is defined or used in the Policy or under applicable law.

    ii. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims do not involve damages because of or on account of "bodily injury" or "property damage," as those terms are defined or used in the Policy or under applicable law.

    iii. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims do not seek to hold Bear legally liable for amounts payable "as damages," as that term is defined or used in the Policy or under applicable law.

    iv. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve "pollution clean-up costs" that do not result from a "sudden and accidental pollution incident," as those terms are defined or used in the Policy or under applicable law. The Policy expressly states that the following, among others, is not considered pollution clean-up costs: "[a]ny cost or expense for the part of pollution work for pollution involving any waste pollutant," as those terms are defined or used in the Policy or under applicable law.

    v. The Policy does not provide insurance coverage for some or all of the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost,

or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that are excluded from coverage under the Pollution injury or damage exclusions contained in the Policy.

   vi. The Policy does not provide insurance coverage for some or all of the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that are excluded from coverage under the Pollution clean-up costs for underground pollutants exclusion contained in the Policy.

   vii. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that are excluded from coverage under the Superfund or other government-identified contaminated site exclusions contained in the Policy.

   viii. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that is excluded from coverage under the Pollution work loss, cost or expense exclusions contained in the Policy.

   ix. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that are excluded from coverage under the Lead exclusions contained in the Policy.

   x. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that are excluded from coverage under the Nuclear material exclusions contained in the Policy.

   xi. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that are excluded from coverage under the Auto and/or Pollution bodily injury or property damage related to autos exclusions contained in the Policy.

   xii. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that are excluded from coverage under the Contract liability exclusions contained in the Policy.

   xiii. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense,

including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that is excluded from coverage under the Control of property exclusion contained in the Policy.

      xiv.    The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that is excluded from coverage under the Damage to your products or completed work, Damage to your products or completed work of pollution clean-up costs for your completed work, and/or Pollution clean-up costs that result from your products exclusions contained in the Policy.

      xv.    The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that is excluded from coverage under the Expected or intended bodily injury or property damage exclusions contained in the Policy.

      xvi.    The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that is excluded from coverage under the Previously known bodily injury or previously known physical damage to tangible property of others exclusions contained in the Policy.

      xvii.    The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that was or should have been known by the protected person prior to the effective date of the Policy.

      xviii.    The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that are not covered under the disposal well operations endorsement in the Policy.

      xix.    The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims involve any loss, cost, or expense, including but not limited to, any bodily injury, property damage, pollution clean-up costs or medical expenses, that occurred outside of the effective dates of the Policy.

      xx.    The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that any protected person negligently or intentionally failed to represent or disclose to St. Paul or concealed or misrepresented to St. Paul facts which were material and known by the protected person in order to induce St. Paul to issue the Policy or to assume certain risks in the Policy.

xxi. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims seek to hold Bear liable for declaratory, injunctive, restitutionary or other equitable relief.

xxii. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the allegations and/or claims seek to hold Bear liable for punitive and/or exemplary damages, fines or penalties.

xxiii. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that it includes claims against individuals or entities that do not qualify as protected persons under the Policy.

xxiv. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that the rights of any protected person or the interest of any protected person under the Policy was assigned to another company or entity without notice to and the express consent of St. Paul.

xxv. The Policy does not provide insurance coverage for the Underlying Lawsuit to the extent that any protected person breached the notice and/or cooperation conditions of the Policy.

xxvi. St. Paul's obligations, if any, are limited by the Policy's "Other Insurance" provisions, the loss in progress doctrine, and by governing law on trigger and allocation of coverage.

xxvii. The Policy does not provide insurance coverage for some or all of the Underlying Lawsuit to the extent that the per occurrence or aggregate limits of liability, as well as any other applicable limits of liability, contained in the Policy have been exhausted and/or impaired.

xxviii. St. Paul's obligations, if any, under the Policy are subject to all deductibles, self-insured retentions, limits of liability and/or retrospective premiums pertaining to the Policy.

xxix. The Policy does not provide insurance coverage for some or all of the Underlying Lawsuit to the extent that such actions are precluded by any other applicable provisions, terms, definitions, conditions, endorsements, limitations or exclusions of the Policy or under applicable law.

15. St. Paul also relies on any additional policy terms, definitions, exclusions, conditions, and/or endorsements not specifically identified in Paragraph 14, including its subparagraphs, that potentially limit or preclude insurance coverage for some or all of the Underlying Lawsuit to the extent such policy limitations are supported by St. Paul's further investigation of the Underlying Lawsuit as part of this declaratory judgment action.

## V.
### ATTORNEYS' FEES

16. St. Paul is entitled, and hereby seeks, to recover its reasonable and necessary attorneys' fees as allowed by federal and Oklahoma law.

## VI.
### PRAYER

WHEREFORE, premises considered, St. Paul respectfully requests that the Court issue a declaratory judgment which states that:

    a.    St. Paul owes no duty to defend Bear for the Underlying Lawsuit;

    b.    St. Paul owes no duty to indemnify Bear for the Underlying Lawsuit;

    c.    To the extent that St. Paul has any duty to defend or indemnify Bear for the Underlying Lawsuit, St. Paul is only responsible for its proportionate share of any such defense and/or indemnity costs;

    d.    To the extent St. Paul is obligated to pay either defense and/or indemnity costs in connection with the Underlying Lawsuit, Bear is required to pay to St. Paul any appropriate deductibles, self-insured retentions, limits of liability and/or retrospective premium charges pertaining to the Policy;

    e.    The Underlying Plaintiffs are not entitled to seek coverage from St. Paul under the Policy;

    f.    St. Paul is entitled to recover its costs and attorneys' fees arising from this action; and

    g.    St. Paul is entitled to all other relief, as the Court deems just and equitable.

Respectfully submitted,

/s/ Timothy A. Carney
Timothy A. Carney, OBA No. 11784
GABLEGOTWALS
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
(918) 595-4800
(918) 505-4900 – Fax

ATTORNEYS FOR PLAINTIFF ST. PAUL FIRE AND MARINE INSURANCE COMPANY

OF COUNSEL:

J. Wiley George*
State Bar No. 07805445
Federal ID No. 14274
Courtney Ervin*
State Bar No. 24050571
Federal ID No. 611093
ANDREWS KURTH LLP
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4123
(713) 238-7475 – Fax

* Applications for admission *pro hac vice* will be filed shortly.