# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY,
    Plaintiff and
    Counter Defendant,

v.

(1) BEAR PRODUCTIONS, INC.
    Defendant and
    Counter Plaintiff

Case No. CIV-12-469-RAW

## ORDER & OPINION

St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul") filed this action on November 13, 2012, seeking a declaratory judgment that Bear Productions, Inc. (hereinafter "Bear") is not entitled to defense or indemnity coverage under a liability policy and an umbrella policy that were in effect from March 16, 2008 to March 16, 2009 in connection with an underlying environmental damage lawsuit filed in the District Court in and for LeFlore County, Oklahoma (hereinafter "Underlying Action").

Bear has filed a counterclaim seeking, *inter alia*, a judgment declaring that St. Paul has a duty to defend Bear in the Underlying Action. Bear argues that the issue of whether St. Paul has a duty to indemnify Bear will not be ripe until the conclusion of the Underlying Action. As it did in two related cases[*], Bear has asked this court to stay all issues except the issue of whether St. Paul has a duty to defend. Now before the court are Bear's motion to stay [Docket No. 39] and motion for hearing on the motion to stay [Docket No. 41].

---

[*] Colony Insurance v. Bear Productions, Inc., No. CIV-12-122-RAW, and Star Insurance Company v. Bear Productions, Inc., et al., No. CIV-12-149-RAW.

Bear's argument here, as it was in the other two cases, is that a determination of the indemnity issue in this case and Bear's alleged liability in the Underlying Action turn on the same key factual issues, *i.e.*, whether the water Bear transported and disposed was a pollutant. Bear is asking the court to put the proverbial cart before the horse. If the court accepts Bear's argument, the court is effectively interpreting the policies and concluding that the policies dictate that Bear is covered in this situation if it did not pollute, but not covered if it did. Such a determination would be premature.

The issue in this case is coverage. The court will consider the parties' arguments on the summary judgment motion and then make a determination. The court will not reach the issue of whether Bear polluted. If the court were to find that Bear is correct in its interpretation, the court would stay the case at that time. Accordingly, the motion to stay [Docket No. 39] and the motion for hearing [Docket No. 41] are DENIED.

IT IS SO ORDERED this 13th day of June, 2013.

**Dated this 13th day of June, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma